UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IVAN FICKEN and CIPRIAN IVANOF, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Misc. No. 09-0071 |
| | : | |
| OLIVIA GOLDEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

This matter is before the Court on plaintiff Ivan Ficken's motion for reconsideration of the denial of his Application to Proceed Without Prepayment of Fees ("IFP Application"). The motion will be denied.

"An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Whether to permit or deny an application to proceed *in forma pauperis* is left to the Court's discretion. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963). "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing and Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, *1 (E.D. Pa. Apr. 18, 2006), *appeal dismissed*, 2006 WL 3038596 (3d Cir. Oct. 26, 2006). If the applicant shows that he would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit, he qualifies for *in forma pauperis* status. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S.

331, 339 (1948).

Review of Ficken's December 7, 2008 IFP Application [Dkt. #2-2] reflects that he received a retirement pension from the Naval Reserve ($16,440), Social Security benefits ($10,340), interest income ($200), rent payments ($11,560) and income derived from recycling materials, rebate awards, and selling found objects ($500) over the preceding 12-month period. Ficken reports that half of the funds in his bank accounts ($1,100) is inaccessible as the funds are deposited in a Romanian bank. In addition, Ficken owns an interest valued at $55,000 in a small family farm, and owns a home in Eau Claire, Wisconsin to which he assigns an "equity value" of $32,800. He describes their home, purchased in 2007, as "a two story house that had been divided into two rental units," the downstairs unit of which is occupied by tenants who have not paid rent for approximately four months. Pls.' Mot. at 1-2.

Ficken reports a "negative cash flow situation," Pls.' Mot. at 4, yet the Court has no clear picture of plaintiffs' monthly or annual expenses. Ficken states that he is paying a mortgage on the Eau Claire home, but does not indicate the monthly payment. Plaintiffs' expenses include college tuition and related costs for Ivanof. To save money, Ficken reports that he defers dental treatment, purchases food items beyond their expiration dates, and, while Ivanof is away at school, he does not heat their portion of the home. In addition, Ficken represents that he must pay a special assessment to the City of Eau Claire for street and utility improvements (approximately $3,300) in addition to real property taxes (approximately $2,150).

The Court has carefully considered Ficken's motion, IFP Application and attachments, and concludes that he does not establish indigence. It does not appear that plaintiffs would be deprived of life's necessities if they were required to pay the filing fee. *See, e.g., Westgate v.*

*Astrue*, No. 08-4136, 2008 WL 5110906, at *1 (D. Kan. Dec. 2, 2008) (denying IFP where plaintiff's "total monthly income from all sources exceeds his listed monthly expenses by $364.00," because "he would be able to pay the filing fee in this case by using his discretionary income from one month"); *Epson v. Astrue*, No. 08-2349, 2008 WL 4083013, at *2 (D. Kan. Aug. 29, 2008) (denying IFP where plaintiff's "monthly net income including Social Security benefits exceeds her monthly expenses by $492.55, . . . plaintiff has $29,499.00 equity in her house, and . . . owns a ten-year-old automobile of unknown value which is unencumbered by debt"); *Verble v. United States*, No. 07-0472, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008) (denying IFP where plaintiff "does not explain the source of his funds for day-to-day expenses, despite his claim that he had no income since October 2006," and does not "specify the amount of his debts").  Accordingly, the Court will deny plaintiffs' motion, deny the IFP Application, and dismiss this miscellaneous action.

      An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                            HENRY H. KENNEDY, JR.
                                            United States District Judge

Date:   March 9, 2009